UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAURA GILL,

Plaintiff,

-against-

K HEALTH, INC.,

Defendant.

Case No. 1:26-cv-03413 (JHR) (RWL)

**STIPULATED CONFIDENTIALITY AGREEMENT AND**
**F.R.E. 502(d) AND (e) CLAWBACK AGREEMENT AND ORDER**

LAURA GILL ("Plaintiff") and K HEALTH, INC. ("Defendant") (collectively the "Parties"), by their undersigned counsel, agree to the following Confidentiality and Protective Agreement for the Production and Exchange of Confidential Information ("Confidentiality Agreement") as follows:

**IT IS THEREFORE AGREED BY AND BETWEEN THE PARTIES THAT:**

1. **Definitions**: As used herein the following terms shall be defined as follows:

(a) "**Confidential Information**" means only information that the Designating Party can show, in good faith and with particularity, contains:

i. trade secrets or highly sensitive proprietary business information not publicly known and not reasonably available from other sources;

ii. non-public financial account numbers, Social Security numbers, taxpayer identification numbers, dates of birth, personal medical information unrelated to the claims or defenses, or similar information presenting a genuine risk of identity theft or unwarranted privacy invasion;

iii. other information that has not been made publicly available and the disclosure of which would, in the good faith judgment of the party or its

counsel designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients; or

iv. information required by law to be kept confidential.

"Confidential Information" does not include routine employment documents, personnel file materials, pay records, disciplinary records, complaints, witness statements, investigation materials, communications concerning Plaintiff or documents otherwise bearing on the claims or defenses in this action, unless the Designating Party makes a particularized showing that a specific portion qualifies under subparagraphs (i)-(iv). Names of witnesses, complainants, decisionmakers, employees, and other persons with knowledge of relevant facts shall not be designated Confidential solely because they appear in discovery.

(a) "**Designating Party**" shall mean the parties to this action and any third parties producing Confidential Information in connection with this proceeding, or the party asserting the confidentiality privilege and designating the material as Confidential Information.

(b) "**Non-Designating Party**" shall mean the party to this action and/or any non-party receiving Confidential Information in this proceeding, who did not make such a designation for the same documents or information.

2. **Method of Designating Documents and Information Confidential**. Any documents or information the Designating Party intends to be Confidential Information shall be so designated prior to production by stamping or marking "Confidential" on each page of the document, in the case of documents, or in a fairly conspicuous fashion, in the case of non-documentary information. In addition, either party may designate portions of testimony as Confidential Information at the time the testimony is taken or within thirty (30) days after receipt of the final transcript by the Designating Party. If a portion of testimony is designated Confidential

Information, the court reporter shall mark that portion of the transcript "Confidential" in the text of the transcript itself. No party may designate an entire document, production, transcript, personnel file, investigation file, or category of documents as Confidential merely because some portion may contain Confidential Information. Designations must be limited to the specific page, line, field, or portion of a document that qualifies for protection. Where targeted redaction will adequately protect sensitive identifiers, redaction shall be used instead of a confidentiality designation.

3. **Contesting Confidential Designations**. A Receiving Party may challenge any confidentiality designation in writing. Within five business days, the Designating Party must identify the specific basis for the designation and the particular harm that would result from disclosure absent confidential treatment. If the Parties cannot resolve the dispute, the Designating Party must seek relief from the Court within fourteen (14) business days. The Designating Party bears the burden of establishing good cause for confidential treatment. If the Designating Party does not timely seek relief, the challenged designation is withdrawn. Pending resolution, the material will be treated as Confidential only for the limited period stated above.

4. **Disclosure and Use of Confidential Information.** Confidential Information shall be used by the Non-Designating Party and its counsel solely for the purposes of this proceeding (and for no other purpose), and, unless the Designating Party consents in writing or the Court for good cause shown rules otherwise, such documents and information shall not be furnished, shown or disclosed to any person other than the following qualified recipients:

(a) counsel of record and their staff;

(b) the parties;

(c) current or former employees, witnesses, or other persons whom counsel reasonably believes may have knowledge of relevant facts, but only to the extent reasonably necessary to investigate, prepare, mediate, arbitrate, or otherwise prosecute or defend this matter;

(d) experts, consultants, investigators, litigation support vendors, interpreters, court reporters, videographers, mediators, and similar service providers;

(e) the Judge(s) assigned to this matter and Court personnel; and

(f) any court or tribunal as necessary to confirm, vacate, enforce, or challenge an award, pursue related claims, comply with law, or seek legal relief.

The presence of Confidential Information at a deposition shall not automatically restrict attendance. Any party seeking to exclude a person from a deposition bears the burden of showing good cause for exclusion. Witnesses may be shown Confidential Information where reasonably necessary for examination or preparation, provided they are advised that the material is subject to this Agreement.

5. **Production of Confidential Information to Experts.** The Non-Designating Party's counsel shall provide a copy of this Confidentiality Agreement to any person identified in 5(g) above who is to be provided access to Confidential Information and shall require such expert, before receiving such information or documents, to agree to maintain the confidentiality of the documents and information provided to them and to consent to be bound by this Confidentiality Agreement by executing Exhibit A (to be held by the Non-Designating Party's counsel).

6. **Use of Confidential Information.** Confidential Information may be used for this litigation and for any related legal proceeding, administrative proceeding, enforcement proceeding, proceeding to confirm, vacate, modify, or enforce a judgment, or other legal claim arising from or relating to the facts, witnesses, documents, conduct, employment relationship, discipline, termination, retaliation, discrimination, harassment, defamation, or other matters at issue in this

litigation, subject to any tribunal's applicable rules or orders. Properly designated Confidential Information shall not be publicly disclosed except as permitted by this Agreement, by written consent, by law, or by order of the Court or another tribunal. This restriction does not apply to information known to Plaintiff independently of discovery, information obtained from non-confidential sources, information concerning Plaintiff's own employment, compensation, complaints, discipline, termination, claims, or information that does not qualify as Confidential Information under Paragraph 1(a).

7. **Confidential Information at Trial.** Any party may request the Court for a ruling and/or order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at any trial during this proceeding.

8. **Redactions and Filings Under Seal.** The Parties agree and adopt by reference the procedures governing Redactions and Filings Under Seal set forth in the Appendix to the Individual Rules of Practice of the Hon. Robert W. Lehrburger.

9. **No Waiver of Confidentiality, Attorney-Client Privilege or Work Product Doctrine.** Nothing in this Confidentiality Agreement shall be deemed to require disclosure of material protected by the attorney-client privilege or the work-product doctrine. The inadvertent production of any information or document during this proceeding shall be without prejudice to any claim that the inadvertently disclosed document contains Confidential Information, attorney-client privileged information, information protected by the attorney work-product doctrine, or information protected by any other legally recognized privilege, and shall not be held to have waived any rights by an inadvertent production. If a Designating Party inadvertently produces a document, it shall be subject to the Clawback Agreement and Order set forth herein.

10. **Maintenance of Confidential Information.** The Parties may, by written stipulation, provide for exceptions to this Confidentiality Agreement and nothing in this Confidentiality Agreement shall preclude any party from applying to the Court to modify the terms of this Confidentiality Agreement. The Parties, however, shall engage in good faith efforts to resolve requests to modify this Confidentiality Agreement prior to bringing such requests to the Court's attention.

11. **Restrictions on Use of AI to process Confidential Information.** Absent notice to and written permission from the Producing Party, any person or entity authorized to have access to Confidential Information under the terms of this Order:

(a) Shall not use or employ any application, service, or analytical software that will transfer, transmit, send or allow access to Confidential Information, in whole or in part – including metadata, unless such application, service or analytical software- by third parties and/or as otherwise restricted within this section;

(b) Shall not further transfer the Confidential information to another provider, unless the Receiving Party has confirmed through due diligence that the security and privacy controls of and contractual obligations for such provider allow that Party to comply with its obligations under this Confidentiality Agreement; and

(c) Shall provide the Receiving Party with the ability to remove or delete from the system all Confidential Information.

(d) Shall not permit any Confidential information to be used to train any artificial intelligence tool. These restrictions apply to the use of advanced or generative AI tools from OpenAI's GPT or ChatGPT, Harvey.AI, Google's Bard, Anthropic's Claude and similar tools or applications.

12. **Admissibility at Trial.** Nothing in this Confidentiality Agreement shall be construed to affect the admissibility of any document, material or information at any hearing in this proceeding.

13. **Termination of Proceeding; Return or Destruction of Information.** The termination of this proceeding shall not relieve the parties and their counsel of their obligations to maintain the confidentiality of all Confidential Information, unless the Court orders or permits otherwise. Within sixty days after final resolution, counsel may return or destroy Confidential Information, except that counsel may retain pleadings, correspondence, attorney work product, deposition transcripts, expert materials, hearing exhibits, filings, and one archival copy of materials reasonably necessary to comply with ethical, malpractice, record-retention, enforcement, or related legal obligations. Any retained Confidential Information remains subject to this Agreement.

14. **Exclusions from Confidentiality.** This Agreement does not restrict use or disclosure of information that:

(a) is or becomes public through no violation of this Agreement;

(b) was known to the Receiving Party before production;

(c) is obtained from a non-confidential source; or

(d) is required to be disclosed by law, subpoena, court order, arbitral order, or ethical obligation.

15. **Reservations.** This Confidentiality Agreement shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing contained in this Confidentiality Agreement shall be construed as permitting disclosure of any Confidential Information, or any information abstracted therefrom, to counsel or parties in any actual or potential litigation, arbitration or legal proceeding other than the above-captioned and

numbered arbitration, or to any person or entity involved in the investigation or preparation of any other potential litigation, arbitration or legal proceeding beyond those authorized in Paragraph 6.

**F.R.E. 502(D) AND (E) CLAWBACK AGREEMENT AND ORDER**

Further, the Parties hereby **STIPULATE**, and the Court hereby **ORDERS** pursuant to Federal Rules of Evidence 502(d) and (e), as follows:

1. The disclosure or production of documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such document.

2. The inadvertent disclosure or production of any document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

3. When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use, or disclose the information until the claim is resolved.

4. Any disclosure of communications, information, or documents covered by the attorney-client privilege or work-product protection is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

5. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Accordingly, the provisions of Federal Rule of Evidence 502(b) do not apply, and the disclosing party is not required to satisfy the elements of Rule 502(b) to properly assert the attorney-client privilege or work-product protection over disclosed communications, information, and documents.

6. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

7. Once executed by all Parties, the Stipulation shall be treated by the Parties as an Order of Court until it is formally approved by the Court.

8. By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of FRE 502 (d) and (e).

**SO STIPULATED AND AGREED.**

/s/ Jesse Rose
Jesse Rose
Andrew Cavaluzzi
Phillips & Associates, PLLC
Attorneys for Plaintiff
45 Broadway, 28th Floor
New York, NY 10006
jrose@tpglaws.com
acavaluzzi@tpglaws.com
(212) 248-7431

/s/ Ryan M. Eden
Kelly C. Spina
Ryan M. Eden
Littler Mendelson, P.C.
Attorneys for Defendant
290 Broadhollow Rd., Suite 305
Melville, NY 11747
kspina@littler.com
reden@littler.com
(631) 247-4700

**SO ORDERED**:

Robert W. Lehrburger
United States Magistrate Judge

Dated: October 30, 2026